THE MONARCH INSURANCE COMPANY OF OHIO *v.* KNIGHT & BOYKIN POULTRY & PRODUCE COMPANY, INC.

No. 42644          April 15, 1963          151 So. 2d 906

*Rae Bryant,* Gulfport; *William Dent,* Collins, for appellant.

*George Maxey,* Laurel; *John D. Kervin,* Collins, for appellee.

GILLESPIE, J.

Plaintiff-appellee sued defendant-appellant on an automobile insurance policy based on the collision or upset coverage on a diesel truck owned by plaintiff-appellee. It was charged in the declaration that the truck struck a cow in New Mexico and the truck was damaged in an amount of $4,368.23. The policy contained a $250 deductible clause. Judgment was entered for the plaintiff in the amount of $3,946.91 and defendant appealed.

Appellant says that the lower court erred in refusing its requested peremptory instruction. This assignment of error is well taken and disposes of the case.

No witness testified who had any personal knowledge concerning the alleged collision. There was no tesitmony concerning the kind and extent of damages to the truck. There was no testimony that the invoices which were shown to have been paid by appellee were for repairs done as a result of the collision. There was no testimony by any qualified witness that the amounts paid for said alleged repairs were reasonable.

The first repair bill which was introduced shows work done by a garage in Las Cruces, New Mexico, on October 9, 1960, and shows a "complete major overhaul, sleeve and piston ring and grind valves and work injector rod and main brg." The list of parts used in this repair job are shown on the invoice and consist, among other things, of "six pistons, six sleeves, one ring set, main brg. set," and other engine parts. The total bill was $1,036.05. The next bill paid was for work done by the same shop on October 17, 1960, for $1,941.78, and the parts used included a motor block which cost $1,388.93, plus freight and other charges. Another bill was for work done at a shop in Phoenix, Arizona, on November 29, 1960, which shows that it was for work done on the transmission, and was for $324.81. The other bill in the record was for work on the clutch done in Meridian, Mississippi, sometime in 1961, the date being illegible. We mention these repair invoices because none of them show any charges for body work such as might be caused by striking a cow.

(Hn 1) The proof was wholly insufficient to make a jury issue. The case is reversed and judgment rendered here for appellant.

Reversed and judgment here for appellant.

*McGehee, C. J., and Kyle, Arrington and Ethridge, JJ.,* concur.